UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS SPEED,

        Plaintiff,

  -against-

THE LONG ISLAND RAILROAD COMPANY,

        Defendant.
----------------------------------------------------------------X

07 CIV 5438

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

Plaintiff, by his attorneys, SABLE & GOLD, complaining of the defendant, respectfully shows to this Court and alleges:

1. The action herein arises under the Federal Employer's Liability Act (45 U.S.C. Sec. 51 et al.).

2. Upon information and belief and at all times herein mentioned, the defendant was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief and at all times herein mentioned, the defendant had been and still is doing business in the County of New York, State of New York, within the jurisdiction of this Court.

4. At all times herein mentioned, the defendant was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

5. That on or about January 17, 2006 and at all times hereinafter mentioned the defendant employed the plaintiff in furtherance of its business in interstate commerce.

6. That on or about January 17, 2006 and at all times hereinafter mentioned, the defendant maintained and controlled railroad operations which included the Morris Park Wheel Truer Shop

located in Queens, New York, including offices, tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

7. That on or about January 17, 2006 and at all times hereinafter mentioned, while the plaintiff, as an employee of the defendant, was in the performance of his duties as a Pipefitter at or near the aforesaid location, he was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide him with a safe place in which to work as hereinafter set forth.

8. That said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Machinist; in failing to make proper and adequate provision for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operation of the railroad and the defendant was otherwise generally negligent under the circumstances.

9. That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

10. That the plaintiff was damaged in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

WHEREFORE, plaintiff THOMAS SPEED demands judgment against defendant THE LONG ISLAND RAILROAD COMPANY, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS together with costs and disbursements.

Dated: New York, New York
      June 5, 2007

                          SABLE & GOLD
                          Attorney for Plaintiff

                          By: Fredric M. Gold (3286)
                          450 Seventh Avenue, Suite 1901
                          New York, New York 10123
                          212.244.2740

To:    Mary Jennings Mahon, General Counsel
         The Long Island Railroad Company
         Legal Department
         Jamaica Station
         Jamaica, New York 11435